**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DENNIS J. PLANT,**

                **Plaintiff,**                    **1:11-cv-1193**
                                                               **(GLS)**

           **v.**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

                **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Erwin, McCane Law Firm | THOMAS C. ERWIN, ESQ. |
| 23 Elk Street | |
| Albany, NY 12207 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | VERNON NORWOOD |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Mary Ann Sloan | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe**
**Chief Judge**

# MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Dennis J. Plant challenges the Commissioner of Social Security's denial of Disability Insurance Benefits (DIB), seeking judicial review under 42 U.S.C. § 405(g).  (*See* Compl., Dkt. No. 1.)  After reviewing the administrative record and carefully considering Plant's arguments, the court affirms the Commissioner's decision and dismisses the Complaint.

## II. Background

On April 24, 2008, Plant filed an application for DIB under the Social Security Act ("the Act"), alleging disability since March 21, 2008.  (*See* Tr.[1] at 68, 102-09.)  After his application was denied, (*see id.* at 68), Plant requested a hearing before an Administrative Law Judge (ALJ), which was held on January 12, 2010.  (*See id.* at 47-67, 69-70.)  On January 26, 2010, the ALJ issued an unfavorable decision denying the requested benefits, which became the Commissioner's final determination upon the Social Security Administration Appeals Council's denial of review.  (*See id.* at 1-6, 21-26, 31-46.)

---

[1] Page references preceded by "Tr." are to the Administrative Transcript.  (*See* Dkt. No. 6.)

2

Plant commenced the present action by filing his Complaint on October 5, 2011 wherein he sought review of the Commissioner's determination.  (*See generally* Compl.)  The Commissioner filed an answer and a certified copy of the administrative transcript.  (*See* Dkt. Nos. 5, 6.)  Each party, seeking judgment on the pleadings, filed a brief.  (*See* Dkt. Nos. 9, 10.)

### III.  Contentions

Plant contends that the Commissioner's decision is tainted by legal error and is not supported by substantial evidence.  (*See* Dkt. No. 9 at 12-15.)  Specifically, Plant claims that the ALJ "erred in finding that none of [his] medically-determinable impairments were 'severe impairments' within the meaning of the Social Security Act."  (*Id.* at 12-14.)  The Commissioner counters that the appropriate legal standards were used by the ALJ and his decision is also supported by substantial evidence.  (*See* Dkt. No. 10 at 6-13 .)

### IV.  Facts

The court adopts the parties' undisputed factual recitations.  (*See* Dkt. No. 9 at 5-11; Dkt. No. 10 at 2-5.)

### V.  Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process by which the Commissioner evaluates whether a claimant is disabled under the Act, the court refers the parties to its previous decision in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

In his only argument, which is devoid of any citation to legal authority or the administrative record, Plant asserts that the ALJ committed reversible error at step two of the disability analysis by finding that he does not have a severe impairment or combination of impairments. (*See* Dkt. No. 9 at 12-14.) In support of his assertion, Plant contends that, in addition to his own credible testimony, the medical evidence in the record demonstrates that his "multiple physical impairments . . . significantly limit his ability to perform the physical functions of basic work." (*Id.* at 12, 14.) Moreover, while Plant concedes that the standards applicable to New York State disability retirement benefits differ from those of Social Security disability, he also contends that New York's finding of disability amounts to

4

a determination that his "physical impairments . . . prevent him from performing basic work-related activities." (*Id.* at 13.) The Commissioner counters, and the court agrees, that the ALJ's determination is supported by substantial evidence. (*See* Dkt. No. 10 at 8-13.)

A claimant has the burden of establishing that he has a "severe impairment," which is "any impairment or combination of impairments which significantly limits [his] physical or mental ability to do basic work activities." 20 C.F.R. § 404.1520(c); *see Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). As pertinent here, basic work activities are "the abilities and aptitudes necessary to do most jobs," including: "[p]hysical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling." 20 C.F.R. § 404.1521(b)(1). "The 'mere presence of a disease or impairment, or establishing that a person has been diagnosed or treated for a disease or impairment' is not, itself, sufficient to deem a condition severe." *Bergeron v. Astrue*, No. 09-CV-1219, 2011 WL 6255372, at *3 (N.D.N.Y. Dec. 14, 2011) (quoting *McConnell v. Astrue*, No. 6:03-CV-0521, 2008 WL 833968, at *2 (N.D.N.Y. Mar. 27, 2008)). Indeed, when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities," a finding of "not

5

severe" is warranted. SSR 85-28, 1985 WL 56856, at *3 (1985); *see* 20 C.F.R. § 404.1521(a). Consistent with that notion, only *de minimis* claims may be screened out at step two of the analysis. *See Dixon v. Shalala*, 54 F.3d 1019, 1030 (2d Cir. 1995).

In this case, the ALJ's determination regarding the severity of Plant's physical impairments[2] is supported by substantial evidence.[3] In his analysis of whether Plant met his burden, the ALJ carefully recounted the relevant evidence in the record, and found only slight limitation in Plant's ability to perform basic work activities. (*See* Tr. at 36-41.) While Plant's back, knee, shoulder, hand, and feet impairments are well documented, (*see, e.g., id.* at 356-63), the record depicts an individual who is able to perform the physical functions necessary for most jobs despite those ailments.

Plant's testimony, which was found to be somewhat credible, and Adult Functioning Report do not evince significant limitation in his ability to

---

[2] It is noted that, while Plant mentions his medically-determinable mental impairment of adjustment disorder, his argument regarding the ALJ's alleged error at step two concerns only his physical impairments. (*See* Dkt. No. 9 at 12-14.) As such, the court limits its discussion to Plant's physical impairments.

[3] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citation omitted).

do basic work activities.  (*See id.* at 37.)  Plant explained that he is able to "comfortably" walk a mile; "stand for a while"; sit for between fifteen and twenty minutes; lift ten to fifteen pounds and more, but only after stretching; push and pull, depending "on how hard [he does] it"; and reach in all directions.  (*Id.* at 53-56.)  Despite his alleged limitations, Plant testified that he cleans his home and shops for groceries.  (*See id.* at 58.)  The Adult Functioning Report, which was completed and signed by Plant, demonstrates that he also washes and irons laundry, cares for two dogs, prepares meals, drives a vehicle, performs household repairs, and mows his lawn.  (*See id.* at 140-50.)  Notably, Plant continued to work as a correctional officer until 2008—well after the onset of his various impairments that he now claims significantly limit his ability to do work-related activities.  (*Compare, e.g.*, *id.* at 51, *with id.* at 363.)

Similarly, the other evidence in the record does not demonstrate that Plant is significantly limited in his ability to perform basic work activities.  Although Plant offered several opinions to show that he was disabled, the ALJ properly discounted them.  (*See id.* at 38-40.)  Among other reasons for doing so, the ALJ determined that the opinions regarding Plant's condition, some of which found that he could no longer perform the duties

of a correctional officer, were belied by the fact that Plant was able to work—and continued to work—after those opinions were rendered. (*See e.g.*, *id.* at 51, 363.) Moreover, a multitude of examining or treating sources opined that Plant had good strength and a full range of motion in his cervical spine, shoulders, elbows, forearms, wrists, fingers, hips, knees, and ankles. (*See, e.g.*, *id.* at 252-53, 341, 401-02, 423.) All of the foregoing evidence, taken together, shows no more than slight limitation in Plant's ability to do basic work activities.

Finally, it is of no moment that Plant "was granted a New York State disability retirement based upon his multiple physical impairments." (Dkt. No. 9 at 13.) The court notes that Plant provides no support for the assertion that he was granted disability retirement benefits by New York State and the record does not seem to reflect any such award of benefits. In any event, "a determination made by another agency that [a claimant is] disabled . . . is not binding on [the Commissioner]." 20 C.F.R. § 404.1504.

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **AFFIRMED** and Plant's complaint (Dkt. No. 1) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

July 2, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court